UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY  :
COMMISSION,                                              :        CIVIL ACTION NO.
                                                                          :        14-CV-5441
        Plaintiff,                                       :
                                                                          :
        v.                                                      :        COMPLAINT AND
                                                                          :        JURY DEMAND
BNV HOME CARE AGENCY, INC.,               :
                                                                          :
        Defendant.                                  :
------------------------------------------------------------x

       This is an action under Title II of the Genetic Information Nondiscrimination Act of 2008 ("GINA") to correct unlawful employment practices on the basis of genetic information and to provide appropriate relief to employees and applicants given conditional offers of employment, who were adversely affected by such unlawful practices.  As alleged with greater particularity in Paragraphs 10 through 12 below, Defendant BNV Home Care Agency, Inc. ("BNV"), a home care services agency, has maintained an on-going policy or practice of unlawfully requesting genetic information from a class of employees and applicants given conditional offers of employment by asking for their family medical history on Defendant's "Employee Health Assessment" form, in violation of the GINA.

## JURISDICTION AND VENUE

       1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 207(a) of the GINA, 42 U.S.C. §2000ff-6(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e-5(f)(1) and (3), and Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title II of the GINA, and is expressly authorized to bring this action by Section 207(a) of the GINA, 42 U.S.C. §2000ff-(6)(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3).

4. At all relevant times, Defendant BNV has continuously been a corporation doing business in the State of New York and the County of Queens, and has continuously employed at least fifteen employees.

5. At all relevant times, Defendant BNV has continuously been an employer engaged in an industry affecting commerce under Section 201(2)(B)(i) of the GINA, 42 U.S.C. §2000ff(2)(B)(i), which incorporates by reference Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000-e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days before the institution of this lawsuit, Yelena Sheglov filed a charge with the Commission alleging violations of the Pregnancy Discrimination Act of 1978, Title VII, and the GINA by Defendant BNV.

7. The Commission issued to Defendant BNV a Letter of Determination dated June 12, 2014, notifying Defendant that the Commission found reasonable cause to believe that Defendant had violated Title II of the GINA by asking for genetic information in the form of

family medical history from a class of employees and applicants given conditional offers of employment.

8. The conciliation efforts required by law have occurred and were unsuccessful.

(a) On June 12, 2014, the Commission issued to Defendant BNV a Letter of Determination inviting Defendant to join with the EEOC in informal methods of conciliation.

(b) On July 2, 2014, the Commission issued a Notice of Conciliation Failure advising Defendant BNV that despite its efforts, the EEOC was not able to secure an agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been met.

10. Since at least November 21, 2009, the effective date of the GINA, Defendant BNV has engaged in an on-going unlawful employment policy or practice at all of its facilities in violation of Section 202(b) of Title II of the GINA, 42 U.S.C. §2000ff-1(b), in that Defendant requested that Yelena Sheglov and other similarly aggrieved employees and applicants given conditional offers of employment complete an "Employee Health Assessment" form, which asks the employee or applicant to "indicate illness experienced by you or your family" by checking "yes" or "no" on a list of 29 health conditions, including but not limited to: (i) diabetes, (ii) kidney disease, (iii) heart disease, (iv) high blood pressure, (v) arthritis, (vi) mental illness, (vii) epilepsy, and (viii) cancer.

11. Defendant BNV requests that all applicants who are given conditional offers of employment complete this health assessment form when the applicants are offered employment but before they are officially hired. Once hired, all employees are required to complete the form annually.

12. Since November 21, 2009, the effective date of the GINA, Defendant BNV has requested genetic information through the "Employee Health Assessment" form from thousands of individuals.

13. The effect of the practices complained of in Paragraphs 10 through 12 above has been to deprive Yelena Sheglov and a class of individuals of equal employment opportunities and otherwise adversely affect their status as applicants or employees because of genetic information.

14. The unlawful employment practices complained of in Paragraphs 10 through 12 above were and are intentional.

15. The unlawful employment practices complained of in Paragraphs 10 through 12 above were and are done with malice and reckless disregard for federally protected rights of Yelena Sheglov and a class of individuals who were asked for their genetic information by Defendant BNV.

## **PRAYER FOR RELIEF**

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant BNV, its officers, successors, assigns, and all persons in active concert or participation with it, from seeking genetic information, including information about family medical history, from applicants and employees.

B. Order Defendant BNV to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals regardless of their genetic information and eradicate the effects of its past and present unlawful employment practices based upon genetic information.

C. Order Defendant BNV to make whole Yelena Sheglov and all other similarly

aggrieved individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self- esteem, and humiliation, in amounts to be determined at trial.

      D.      Order Defendant BNV to make whole Yelena Sheglov and all other similarly aggrieved individuals by providing punitive damages for its malicious and reckless conduct, as described above, in an amount to be determined at trial.

      E.      Grant such further relief as the Court deems necessary and proper in the public interest.

      F.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
Washington, D.C.  20507

s/ Robert D. Rose_____
Robert D. Rose
Regional Attorney

5

        s/ Nora E. Curtin
        Nora E. Curtin
        Supervisory Trial Attorney


        s/ Konrad Batog
        Konrad Batog
        Trial Attorney
        Equal Employment Opportunity Commission
        New York District Office
        33 Whitehall Street, 5th Floor
        New York, N.Y.  10004
        (212) 336-3700
        (212) 336-3623 (facsimile)
        konrad.batog@eeoc.gov